STATE *v.* LUCAS.

June 14, 1954

No. 39217 67 Adv. S. 104 73 So. 2d 158

*Wm. E. Cresswell,* Asst. Atty. Gen., Jackson, for appellant.

*L. Percy Quinn, John R. Poole,* Jackson, for appellee.

ROBERDS, P. J.

Appellee was indicted under Section 2340, Mississippi Code 1942, which reads, "Railroads—Wantonly or Negligently Obstructing or Injuring. If any person shall wantonly or negligently obstruct or injure any railroad, on conviction, he shall be fined not more than two thousand dollars, or imprisoned not longer than twelve months in the county jail, or both."

The charging part of the indictment is as follows: ". . . That T. R. Lucas, late of the County aforesaid, on the 1st day of April, in the year of our Lord 1953, in the county aforesaid, unlawfully, wantonly, and negligently did obstruct the railroad of the Illinois Central Railroad, a corporation, by negligently and wantonly leaving his unattended automobile parked on said railroad at a crossing of said railroad and a private road for automobiles . . . against the peace and dignity of the State of Mississippi."

Appellee says the statute is unconstitutional in that it does not sufficiently define the elements constituting the crime and the indictment is void because it does not sufficiently inform the defendant of the acts he is charged to have committed.

These questions were raised in the court below by demurrer, which was subtained. The State appealed.

The statute and indictment both use the word "railroad." Appellee says this does not inform him as to the portion or part of the railroad he is prohibited from obstructing. Technically, the contention has much force, but we should give to the word its ordinary and usually accepted meaning, looking to the end to be accomplished, and doing that, we think it means the railroad track—the part of the right-of-way occupied by the tracks over which the trains, cars, etc., are transported. The meaning of the indictment is appellee obstructed the tracks of the railroad.

Both the statute and indictment use the word "obstruct". Appellee contends the word is too broad and general. Webster's International Dictionary, Second Edition, defines obstruct in these words: "To block up, to stop up or close, as a way; to place an obstacle in, or fill with obstacles or impediments to passing, as to obstruct a street. To be or come in the way of; to hinder from passing, action or operation; hence to hinder, impede; retard, as clouds obstruct the light; unwise rules obstruct legislation. To cut off the sight of (an object); shut out. To place obstacles in the way, to impede; hinder." Appellee says that some of the words composing the definition would make it a crime for one to obstruct, or improperly interfere with, the operation of a railroad company by voting and management maneuvers. The contention is too farfetched. The objects of the statute under consideration, construed in connection with the section immediately following it, are to prevent interference with the proper use of the railroad, in carrying out its functions and to protect its property and passengers and servants from injury or probable injury. The prohibition not to obstruct is directed to these ends.

In 27 Am. Jur., pg. 623, Sec. 57, it is said: "The constitutional right of the accused to be informed of the nature and cause of the accusation against him requires that every material fact and essential element of the offense be charged with precision and certainty in the in-

dictment or information. He has a substantive right to be informed by the indictment or information in simple, understandable language of the crime he is charged with and the acts constituting the crime, in sufficient detail to enable him to prepare his defense and to be protected in the event of double jeopardy.'' We think this indictment does that. Defendant is informed he obstructed the railroad, giving the place and time and the exact manner in which he did it. We think the statute and the indictment sufficiently informed defendant of the nature of the crime, and the acts he is charged with having committed, in sufficient detail and manner for him to prepare his defense thereto, and be protected from another prosecution for the same offense.

 The case will be reversed and remanded, since there was no acquittal of accused on the merits. Section 1153, Mississippi Code 1942.

Reversed and remanded.

*McGehee, C. J., Kyle, Holmes* and *Gillespie, JJ.,* concur.